IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ROGER KING,

    Petitioner,

v.

DANNIE THOMPSON, Warden,

    Respondent.

CIVIL ACTION NO.: CV511-033

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Roger King ("King"), an inmate currently incarcerated at Smith State Prison in Glennville, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging convictions obtained in the Superior Court of Charlton County. Respondent filed an Answer-Response and a Motion to Dismiss. King has responded. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

King was convicted in the Charlton County Superior Court on November 6, 1978, after pleading guilty to burglary and escape. King was sentenced to 10 years, to serve six years in prison and the remainder on probation. King did not file a direct appeal.

King filed a state habeas corpus petition on February 20, 2008, in the Lowndes County Superior Court challenging these Charlton County convictions. The Lowndes County Superior Court denied King's petition on October 6, 2009, after having

conducted an evidentiary hearing. King filed an application for certificate of probable cause to appeal the denial of his requested habeas corpus relief, which the Georgia Supreme Court denied on September 6, 2011.

King filed the instant petition on April 15, 2011. King contends that he entered into a plea in the Charlton County Superior Court without understanding the nature of the charges against him, the consequences of entering a plea agreement, or having entered his plea knowingly and voluntarily. Respondent asserts King's petition should be dismissed, as it was untimely filed.

## DISCUSSION AND CITATION OF AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1).[1] For those prisoners whose state convictions became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996, this one year statute of limitations period began to run on that date. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998). Thus, these prisoners must have filed a federal petition for writ of habeas corpus prior to April 24, 1997, to be considered timely. Moore v. Campbell, 344 F.3d 1313, 1319-20 (11th Cir. 2003) (concluding the one-year statute of limitations period applicable to collateral attacks of pre-AEDPA obtained convictions is calculated using Rule 6(a) of the Federal

---

[1] This statute of limitations period ordinarily runs from the latest of four possible dates: (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review; (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). However, King's convictions were final prior to April 24, 1996, and the ordinary statute of limitations triggering events are not applicable to this case.

Rules of Civil Procedure, i.e., the day giving rise to the events is not counted). The limitations period could be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2). However, "a state court petition . . . filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001).

King's convictions became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). King pleaded guilty in the Charlton County Superior Court on November 6, 1978. King did not file a notice of appeal with either the Georgia Court of Appeals or Supreme Court. However, King had thirty days in which to do so. O.C.G.A. § 5-6-38 ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, his conviction became final on or about December 6, 1978. Because King's conviction became final prior to the enactment of the AEDPA he had until April 24, 1997, to file a timely federal habeas corpus petition.

The applicable statue of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance- i.e., until the completion of that process. In other words, until the application has achieved final resolution through

the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

King did not file a state petition for writ of habeas corpus until February 20, 2008, which was nearly 11 years after the expiration of the applicable statute of limitations. The applicable statute of limitations period did not toll in this case, as King filed his state habeas corpus petition well after the expiration of the statute of limitations period applicable to section 2254 cases.

The Court must now decide whether King is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549 (2010). "'The burden of establishing entitlement to this extraordinary remedy

AO 72A
(Rev. 8/82)

plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

King has made no showing that he has been pursuing his rights diligently since his 1978 convictions[2] or that some extraordinary circumstance prevented him from being able to file this petition in a timely manner. King is not entitled to equitable tolling of the statute of limitations.

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. King's petition, filed pursuant to 28 U.S.C. § 2254, should be **DISMISSED**, with prejudice, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED** this 8th day of September, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent King asserts that his November 2004 conviction in the Worth County Superior Court was enhanced based on his 1978 conviction, his petition likely would still be barred by the applicable statute of limitations period, which is found in § 2244(d)(1). See n.1, supra. Additionally, a review of King's state habeas corpus petition reveals that he did not challenge his 2004 conviction. Rather, King challenged the constitutionality of his underlying convictions in 1978, 1991, and 1992 which were used to enhance his 2004 sentence. (Doc. No. 12-3). It would appear that any potential challenge to King's 2004 enhanced sentence would be barred by exhaustion principles.