# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

ROGER KING,

    Petitioner,

v.                                   CIVIL ACTION NO.: CV511-033

DANNIE THOMPSON, Warden,

    Respondent.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections, as amended, have been filed. In his Objections, Petitioner Roger King ("King") contends that his 28 U.S.C. § 2254 petition is not barred by the statute of limitations period contained in 28 U.S.C. § 2244(d)(1).

It is apparent that King challenges his 1978 conviction which he contends was used to enhanced his 2004 conviction.[1] As the Magistrate Judge noted, however, King's state habeas corpus petition was filed nearly eleven (11) years after the expiration of the applicable statute of limitations period. In addition, King did not challenge his 2004 conviction in his state habeas corpus application. (Doc. No. 12-3). Instead, King challenged the constitutionality of an underlying conviction which he avers was used to enhance his 2004 conviction. Contrary to King's assertion, if his 1978

---

[1] King challenges his 1991 and 1992 convictions, which he likewise contends were unconstitutional and were used improperly to enhance his 2004 conviction, with two (2) section 2254 petitions in the Middle District of Georgia. King v. Thompson, 1:11-cv-54 (M.D. Ga.); King v. Thompson, 1:11-cv-55 (M.D. Ga.).

AO 72A
(Rev. 8/82)

conviction was unconstitutionally obtained, it would not be his 2004 conviction that "made" this previous conviction unconstitutional. If, as King asserts, this conviction was unconstitutional, it was unconstitutional at the time he was convicted in 1978, and not 2004. The Magistrate Judge noted, too, that King failed to present evidence that he pursued his rights diligently or that some extraordinary circumstance prevented him from challenging his 1978 conviction, and thus, King is not entitled to equitable tolling of the statute of limitations.

King's Objections are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. King's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, is **DISMISSED**, with prejudice, as it was not filed timely. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 30 day of December, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)